**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

MICHAEL STONE

                        Plaintiff,

  v.

EXPERIAN INFORMATION SOLUTIONS,
INC, et al.

                        Defendants.

CASE NO. 4:26-cv-00059

## JOINT RULE 26(f) CONFERENCE REPORT

Pursuant to the Court's Order and Federal Rule of Civil Procedure 26(f), Plaintiff, Michael Stone, ("Plaintiff"), Defendant Experian Information Solutions, Inc., ("Experian"), Defendant TransUnion, LLC ("TransUnion"), and Defendant Innovis Data Solutions, Inc ("Innovis") submit this Joint Conference Report and Proposed Scheduling Order, and state as follows:

1.  A brief factual and legal synopsis of the case:

**Plaintiff:**

Plaintiff is the victim of ID Theft and thus, inaccurate credit reporting. As a result of the identity theft, multiple accounts and other information not belonging to Plaintiff began appearing on Plaintiff's Experian and Trans Union (collectively "the Credit Reporting Agencies" or "the CRAs" credit reports. Many of the fraudulent accounts appearing on Plaintiff's credit reports were highly negative and derogatory "past due," "charge off," and "collection" accounts, causing severe damage to Plaintiff's credit. Defendants' inaccurate reporting was viewed by third parties. Upon learning of the identity theft, Plaintiff contacted Defendants via phone to dispute the fraudulent

1

accounts. Plaintiff later learned that Defendants verified the accounts as accurate and continued their inaccurate reporting about Plaintiff. Plaintiff thereafter submitted multiple rounds of disputes via the CRAs' online dispute portals. When those disputes were also verified as accurate by the CRAs, Plaintiff obtained a police report and FTC report and mailed another round of disputes to the CRAs containing these documents. While Trans Union initially removed some of the fraudulent accounts, it later reinserted those accounts on Plaintiff's credit report/file. On or around August 2024, Plaintiff disputed the fraudulent accounts with Innovis through dispute packages containing his police report and FTC report . While Innovis initially removed one of the fraudulent accounts, it later reinserted it on Plaintiff's credit report/file. Months later, Plaintiff learned that new collection accounts related to the fraudulent accounts began appearing on his Experian credit report.  Plaintiff thereafter disputed Experian's inaccurate reporting once again and later learned that the inaccurate reporting had once again been verified as accurate by Experian.

Plaintiff has suffered immense emotional distress since the inaccurate credit reporting began, in the form of mental anguish, humiliation and embarrassment. Plaintiff's emotional distress and mental anguish have manifested in various physical symptoms, such as loss of sleep, weight gain, hair loss, and headaches, among others, which affect Plaintiff's daily life. The inaccurate credit reporting has affected every aspect of Plaintiff's life and mental health, ruining holidays and causing Plaintiff to be unable to make plans or live freely due to the financial constraints and emotional distress. Additionally, Plaintiff was recently sued by Capital One for one of the debts he did not incur, further damaging Plaintiff's mental health. Plaintiff has seen a therapist for treatment of his anxiety and depression symptoms caused by the CRAs' conduct.

**Allegations against EXPERIAN:**

1. Defendant Experian violated 15 U.S.C. § 1681e(b) when it failed to follow reasonable procedures to assure maximum possible accuracy.

2

2. Defendant Experian violated 15 U.S.C. § 1681i(a)(1)(A) when it failed to conduct a reasonable investigation into Plaintiff's dispute.

3. Defendant Experian violated their duty under 15 U.S.C. §1681i(a)(4) by failing to review and consider the documents that Plaintiff attached to the disputes.

4. Defendant Experian violated its duty under 15 U.S.C. §1681i(a)(5)(a) by failing to delete, modify or correct the inaccurate information that was disputed by Plaintiff.

5. Defendant Experian violated its duty under 15 U.S.C. § 1681c-2(a) by failing to block the reporting of identity theft information within four (4) business days.

**Defendant Experian Information Solutions, Inc:**

Defendnat Experian denies Plaintiff's claims. This is a credit reporting case under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (the "FCRA"). Experian is a "consumer reporting agency" as that term is defined by the FCRA. Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms.

The FCRA is not a strict liability statute and does not require Experian to maintain error free credit reporting. Rather, Experian must maintain and follow reasonable procedures to assure the maximum possible accuracy of the information it reports on consumers. In recognizing that no credit reporting system can be error free, Congress specifically provided consumers with the ability to contact credit reporting agencies to dispute information appearing on their credit disclosures. In many instances, Experian's procedure is to ensure the maximum possible accuracy of the information it reports require notice from a consumer to alert Experian of a potential inaccuracy.

3

**Allegations against TRANSUNION:**

1. Defendant TransUnion violated 15 U.S.C. § 1681e(b) when it failed to follow reasonable procedures to assure maximum possible accuracy.

2. Defendant TransUnion violated 15 U.S.C. § 1681i(a)(1)(A) when it failed to conduct a reasonable investigation into Plaintiff's dispute.

3. Defendant TransUnion violated their duty under 15 U.S.C. §1681i(a)(4) by failing to review and consider the documents that Plaintiff attached to the dispute letter.

4. Defendant TransUnion violated its duty under 15 U.S.C. §1681i(a)(5)(a) by failing to delete, modify or correct the inaccurate information that was disputed by Plaintiff.

5. Defendant TransUnion violated 15 U.S.C. § 1681i(a)(5)(B) by reinserting deleted information back on Plaintiff's credit report/file.

6. Defendant TransUnion violated their duty under 15 U.S.C. § 1681i(a)(5)(C) by failing to follow reasonable procedures to prevent reappearance of deleted information.

7. Defendant TransUnion violated its duty under 15 U.S.C. § 1681c-2(a) by failing to block the reporting of identity theft information within four (4) business days.

**Defendant TransUnion, LLC:**

Defendant Trans Union is a consumer reporting agency as that term is defined by the FCRA and states that at all times relevant, Trans Union maintained reasonable procedures to assure maximum possible accuracy of the relevant information concerning Plaintiff and Trans Union complied with the requirements of the FCRA with respect to Plaintiff. Trans Union furthermore properly initiated and conducted any required reinvestigation(s) pursuant to the FCRA. As such, any damages Plaintiff may have sustained were not caused by Trans Union.

**Allegations against INNOVIS:**

1. Defendant Innovis violated 15 U.S.C. § 1681e(b) when it failed to follow reasonable procedures to assure maximum possible accuracy.

2. Defendant Innovis violated 15 U.S.C. § 1681i(a)(1)(A) when it failed to conduct a reasonable investigation into Plaintiff's dispute.

3. Defendant Innovis violated their duty under 15 U.S.C. §1681i(a)(4) by failing to review and consider the documents that Plaintiff attached to the dispute letter.

4. Defendant Innovis violated its duty under 15 U.S.C. §1681i(a)(5)(a) by failing to delete, modify or correct the inaccurate information that was disputed by Plaintiff.

5. Defendant Innovis violated 15 U.S.C. § 1681i(a)(5)(B) by reinserting deleted information back on Plaintiff's credit report/file.

6. Defendant Innovis violated their duty under 15 U.S.C. § 1681i(a)(5)(C) by failing to follow reasonable procedures to prevent reappearance of deleted information.

**Defendant Innovis Data Solutions, Inc:**

Plaintiff does not have a viable claim against Innovis.  Innovis's Answer to Paragraph 24 of Plaintiff's Complaint explained that: i) only one of the accounts that Plaintiff's father allegedly opened in Plaintiff's name ever appeared in Plaintiff's Innovis consumer file; ii) when Plaintiff asked Innovis to block that account, Plaintiff failed to provide Innovis with "a copy of an identity theft report" such that Innovis was not required to block that account (15 USC 1681c-2(a)(2)); iii) at no time between July 11, 2023 and October 9, 2024 did anyone other than Plaintiff himself obtain a copy of Plaintiff's consumer file/ consumer report; and iv) on October 10, 2024, Synchrony Bank obtained a copy of Plaintiff's Innovis consumer report and approved Plaintiff's application for a credit card.  These and other facts which Innovis pleaded in its Answer establish

that Innovis did not violate the FCRA and, far from causing Plaintiff any harm, actually helped

him obtain credit.  Plaintiff's claims against Innovis are meritless.

1.    The jurisdictional basis for this suit:

Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331

2.    A list of the correct names of the parties to this action and any anticipated additional or potential parties:

Upon information and belief, the Parties are correctly named.

3.    A list of any cases related to this case pending in any state or federal court, identifying the case numbers and courts along with an explanation of the status of those cases:

4.    Confirm that initial mandatory disclosure required by Rule 26(a)(1) have been completed:

Parties will submit Initial Disclosures on or before **June 1, 2026**.

5.    Proposed scheduling order deadlines:

See Proposed Scheduling Order attached hereto as **Appendix 1.**

6.    Describe in accordance with Rule 26(f):

(i)    The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

Trans Union anticipates conducting discovery on Plaintiff's credit history, Plaintiff's communications with creditors, and Plaintiff's claimed damages. Trans Union also anticipates taking the depositions of Plaintiff, any expert witnesses disclosed by Plaintiff, and potential fact witnesses whose identities may be revealed through the course of discovery.

Experian does not request any changes to the disclosure pursuant to 26(a) nor does Experian believe that discovery should be conducted in phases or otherwise limited.

(ii)    Any issues relating to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonably usable format) as well as any methodologies for identifying or culling the relevant and discoverable ESI. Any disputes regarding ESI that counsel for the parties are unable to resolve during conference must be identified in the report;

Trans Union does not believe that this case is suitable for discovery of electronically stored information in native format – as Trans Union maintains its documents within proprietary computer systems – but states that production of any relevant electronically stored information in hard copy (PDF or other similar means) has been sufficient in prior similar FCRA cases.

(iii)    Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreements reached under Federal Rule of Evidence 502 (such as the potential need for a protective order and any procedures to which the parties might agree for handling inadvertent production of privileged information and other privilege waiver issues). A party asserting that any information is confidential should immediately apply to the Court for entry of a protective order.

(iv)    Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed, as well as;

Experian does not request any changes to the disclosures pursuant to 26(a) nor does Experian believe that discovery should be conducted in phases or otherwise limited.

Trans Union does not believe that any changes should be made to the limitations imposed by the federal and local rules.

(v)    Whether any other orders should be entered by the Court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c).

7.    State the progress made toward settlement, and the present status of settlement negotiations, including whether a demand and offer has been made. If the parties have agreed upon a mediator, also state the name, address, and phone number of that mediator, and a proposed deadline for mediation.

The Parties have not yet agreed upon a mediator but agree to confer and submit to the Court a notice identifying their agreed upon mediator on or before **November 19, 2026**.

The Parties agree to conduct mediation on or before **December 31, 2026**.

8.    The identity of persons expected to be deposed:

**Plaintiff:** Plaintiff anticipates deposing 30(b)(1) and 30(b)(6) witnesses from each Defendant.

**Experian:** Experian anticipates the deposition of Plaintiff, any designated experts, and any relevant third party witnesses.

**Trans Union**: Trans Union anticipates taking the depositions of Plaintiff, any expert witnesses disclosed by Plaintiff, and potential fact witnesses whose identities may be revealed through the course of discovery.

9.      Estimated trial time and whether a jury demand has been timely made:

The Parties estimate 3-4 days will be needed for trial. A jury demand has been made by Plaintiff.

10.     The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client):

   **For Plaintiff:** Jonathan Raburn

   **For Defendant, Experian:** Fatmeh Basma

   **For Defendant, TransUnion:** Charlotte Long

   **For Defendant, Innovis:** Jason A. Spak

11.     Whether the parties jointly consent to trial before a magistrate:

The parties do not consent to trial before a magistrate.

   **Experian:** Experian does not believe that this case necessitates the appointment of an independent expert or master.

12.     Any other matters that counsel deem appropriate for inclusion in the joint conference report or that deserve the special attention of the Court at the management conference:

   a. **Experian**: Experian believes that there may be a need for discovery in this case to be governed by a protective order. If the parties agree concerning the need for and scope and form of such a protective order, their counsel will confer and then submit a jointly proposed protective order to the Court shortly after the Scheduling Conference or by the deadline for entry set by the Court. If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

**Plaintiff:** None at this time.

Dated: June 5, 2026

*/s/Jonathan Raburn*
Jonathan Raburn
ATTORNEY FOR PLAINTIFF
Louisiana Bar Roll No. 28728
Raburn Kaufman, LLC
8570 Anselmo Lane
Baton Rouge, Louisiana 70810
jraburn@raburnkaufman.com
Phone 225-412-2777


/s/ *Fatmeh Basma*
Fatmeh Basma
Goodwin Procter LLP
1900 N Street NW
Washington, DC 20036
(202) 346-4528
Email: fbasma@goodwinlaw.com
**Counsel for Experian Information Solutions, Inc.**

*/s/ Charlotte Long*
Charlotte Long, Esq.
Texas Bar No. 24094692
Trans Union, LLC
554 Baroque Way
Irving, TX  75060
(469) 578-1464
E-Mail:  charlotte.long@transunion.com
**Counsel for Trans Union LLC**

*/s/ Jason A. Spak*
Jason A. Spak
Texas Bar No. 24094692
Troutman Pepper Locke
(412) 347-1247
E-Mail:  jason.spak@troutman.com
**Counsel for Innovis Data Solutions, Inc.**

9